WILLS ⬅498—CONSTRUCTION—REMAINDER—BENEFICIARIES—"ISSUE."

Under a will which, after directing payment of the income of property to J. for life, on his death gives the property to the "issue" of J., to be divided among said issue "per stirpes," a son of J. dying before him, but after testatrix, the son's children take his share; there being nothing to indicate that "issue" is not used in its primary sense of descendants generally, and it being reasonable to assume that, if distribution was intended to be limited to the children of J. surviving till the time of distribution, the word "children" would be used, in which case there would have been no occasion for the words "per stirpes."

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1087–1089; Dec. Dig. ⬅498.

For other definitions, see Words and Phrases, First and Second Series, Issue.]

In the matter of the estate of Friedericke E. Wienholz, deceased. Part of will construed.

William Carl, of New York City, for petitioner.
Robert Gray, of New York City, for administratrix.
Robert H. Bergman, of New York City, special guardian.

FOWLER, S. The testamentary trustees have filed their account, and now ask the surrogate to construe that part of the will which disposed of the residuary estate. The testatrix directed her trustees to pay the income of her residuary estate to her son, John D. Wienholz, during his natural life, and disposed of the remainder as follows:

"Upon his death, I give and devise said real and personal property to the lawful issue of my said son, to be divided among said issue per stirpes."

The testatrix died in 1906, and was survived by her son, John D. Wienholz. At the date of the death of testatrix, John D. Wienholz

had five children living. One of these children, Herman F. Wienholz, died on the 28th of December, 1912, leaving two children, Gladys Tillotson and Herbert F. Wienholz. The life tenant died on the 24th of June, 1915, and the trust fund then became distributable among those entitled thereto under the provisions of the will of the testatrix. The question to be determined is whether the administratrix of Herman F. Wienholz takes that share in the estate to which he would be entitled if he had survived the life tenant, or whether such share should be paid to his two children who survived him.

The direction in the will to make distribution among the issue of her son per stirpes would seem to indicate that it was not the intention of the testatrix to limit the right to share in the remainder to such of the children of John D. Wienholz as survived until the time of distribution had arrived, but that she intended to provide for a stipital distribution among the issue of any of the children of John D. Wienholz who died before the termination of the life estate. There is nothing in the will to indicate that the testatrix did not use the word "issue" in its primary sense of descendants generally; and the direction that distribution should be made among such issue per stirpes shows that the testatrix contemplated the possible decease of some of the children of her son, John D. Wienholz, before the time of distribution had arrived, and intended by the use of these words to provide that the share of the child so dying should go to his or her children. If she had intended to limit the distribution of the remainder to the children of her son who survived until the time of distribution, it is reasonable to assume that she would have used the word "children" instead of "issue," and there would have been no occasion for the use of the words "per stirpes."

It seems to me that the direction for distribution among the issue per stirpes manifests an intention on the part of the testatrix that the issue of any of the children of John D. Wienholz who predeceased the life tenant should take their parent's share. Matter of Brown, 93 N. Y. 295. I will therefore hold that the trust fund is to be divided into five parts, and one of these parts paid to each of the children who survived the life tenant, and one part divided between Gladys Tillotson and Herbert F. Wienholz, the children of Herman F. Wienholz, deceased. Costs taxed.

Complete decree by inserting appropriate amounts.